Gogherty *v.* Bennett.

PATRICK GOGHERTY

*v.*

BRIDGET BENNETT et al.

1. Where, without her husband's knowledge and against his will, the wife took in her own name the title to lands, for which he paid the purchase-money and all the taxes, and assessments, and costs of improvements, and he continuously occupied the property up to her death—*Held*, that a trust resulted in his favor, and that he was entitled to relief as against her heirs-at-law.

2. General certainty is sufficient in pleadings in equity.

Bill for relief.   On general demurrers to bill.

*Mr. J. M. Trimble* and *Mr. F. M. Tichenor*, for demurrants.

*Mr. S. Morrow*, for complainant.

THE CHANCELLOR.

By the bill it appears that in 1863 the complainant contracted for the sale to him of a lot of land in Newark; that he paid the purchase-money, and has paid all the taxes and assessments and the cost of the improvements (buildings) which were put thereon, and is in the occupation of the property; that the deed was made in 1866; that without his knowlege it was made to his wife instead of himself; that he discovered in his wife's lifetime (she died in 1882) that it had been so made to her; that she made some of the payments of the purchase-money for him but always with his money and merely as his agent; that the deed was made to her not only without his knowledge or direction but against his will; that after he discovered that it had been made to her he was informed that it would not affect his right to the property, but that after her death it would vest in him, and he would have full authority over it, and he therefore (he is an illiterate person) believing what was told him, took no steps to have the deed corrected; that his wife died intestate and without

issue, and that her brother and sister, her heirs-at-law, now claim the property, and have brought an action of ejectment against him to recover possession of it. The bill prays that they may be decreed to hold the premises as trustee for him, or that his expenditures therefor and thereon may be charged as a lien thereon, and paid to him accordingly.

The defendants are the heirs-at-law of the wife. They demur on the ground of want of equity, and also on the ground of the uncertainty and insufficiency of the averments of the bill. They urge that the bill does not state what estate was conveyed by the deed to the complainant's wife; that it does not show the relationship of the defendants to the subject-matter, and that the case stated in the bill does not entitle the complainant to any relief. Though the bill does not state that the conveyance was of an estate in fee simple, it is fairly inferable that it was so. An agreement to sell a house implies that the interest sold is a fee simple. It appears, it may be added, that the estate was not a life-estate, but that it was one which descended to the wife's heirs-at-law. Though the bill characterizes the defendants as the wife's next of kin, they are, according to the statements of the bill, her heirs-at-law, and it is a plain and obvious deduction from the statements of the bill that the claim made by the defendants is as heirs-at-law. The bill states substantially that the estate which the wife had in the property descended to them, and that they claim under her. General certainty is sufficient in pleadings in equity. The case as stated is one from the facts of which a resulting trust clearly arises in favor of the complainant. The demurrers will be overruled.